02-09-429-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-09-00429-CR

 

 


 
 
 Rolando Cadena
 a/k/a Roland Cardena
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM Criminal
District Court No. 1 OF Tarrant COUNTY

------------

MEMORANDUM
OPINION[1]

----------

Introduction

          Appellant
Rolando Cadena a/k/a Roland Cardena appeals his conviction and sentence after the
trial court revoked his deferred adjudication community supervision.  In three
points, Appellant claims that the trial court abused its discretion by revoking
his community supervision and by ordering him to reimburse his court-appointed
attorney fees.  We modify the trial court’s judgment and affirm it as modified.

Background
Facts and Procedural History 

          In
2006, Appellant pleaded guilty to aggravated sexual assault of a child and received
eight years’ deferred adjudication community supervision.  One of the terms of
his community supervision required that he complete sex-offender counseling treatment
within three years of its “initiation.”  Appellant met with his sex-offender
counselor for the first time on August 7, 2006.  Shortly after this meeting at
the end of August 2006, he was arrested on an outstanding warrant and incarcerated
for five months.  He was released on January 22, 2007, and started attending
group counseling sessions on February 24, 2007.

          In
2008, Appellant pleaded true to having violated the terms of his community
supervision by drinking alcohol and hiring a prostitute, and the trial court
ordered him confined for sixty days as a condition of continuing his community
supervision.

          In
September of 2009, the State filed its petition to adjudicate alleging that
Appellant had violated the terms of his community supervision by not paying
fees and by not timely completing his sex-offender counseling within the
required three-year period.  The trial court granted the State’s petition after
a hearing, adjudicated Appellant guilty, and sentenced him to ten years’
confinement.

Standard
of Review

We
review an order revoking community supervision under an abuse of discretion
standard.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006);
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  In
a revocation proceeding, the State must prove by a preponderance of the
evidence that the defendant violated the terms and conditions of community
supervision.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App.
1993).  The trial court is the sole judge of the credibility of the witnesses
and the weight to be given their testimony, and we review the evidence in the
light most favorable to the trial court=s
ruling.  Cardona, 665 S.W.2d at 493; Garrett v. State, 619 S.W.2d
172, 174 (Tex. Crim. App. [Panel Op.] 1981).  If the State fails to meet its
burden of proof, the trial court abuses its discretion by revoking the
community supervision.  Cardona, 665 S.W.2d at 493–94.  Proof by a
preponderance of the evidence of any one of the alleged violations of the
conditions of community supervision is sufficient to support a revocation
order.  Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.]
1980); Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel
Op.] 1980).

Proof
of Violations

          In
his first two points, Appellant argues that the trial court abused its
discretion by adjudicating him guilty and revoking his community supervision
because the evidence does not support the trial court’s findings that he violated
the terms of his community supervision by failing to pay fees and by not
completing his sex-offender counseling within three years.

          The
State alleged that Appellant violated the terms of his community supervision by
failing to complete his sex-offender counseling/treatment within three years of
its initiation.  The record shows that in August 2006 Appellant was placed on community
supervision, met with his counselor for the first time, and signed a contract
promising to complete his counseling goals by August 9, 2009.  Of the thirty
goals that he needed to accomplish within the three-year period, ten were to
have been completed each year, but the evidence shows that Appellant came up
short each year.  By the end of August 2009, he was still five goals behind.[2]


          Appellant
contends that the trial court abused its discretion by finding that he did not
complete his counseling within the three-year period because the three-year
period actually ended on April 24, 2010, not in August 2009 as alleged by the
State.  To arrive at the later date, Appellant argues that his sex-offender treatment
was not initiated on the day he first met with his counselor, but on February
24, 2007, when he attended his first group session.  Then he argues that his
completion date should be pushed back several months to account for the times
he spent in jail after his arrest on an outstanding warrant and after he
violated his community supervision the first time.  In essence, Appellant argues
that he did not complete his required counseling because, through no fault of
his own, it was impossible for him to do so.

          Viewed
in the light most favorable to the trial court’s ruling, however, the record
reasonably supports the trial court’s belief by a preponderance of the evidence
that Appellant had the ability to complete his counseling and failed to do so. 
First, it was reasonable for the trial court to conclude that Appellant’s
counseling was initiated on the first day he met with his counselor in August
2006, rather than the later date when he first participated in a group therapy
session.  The evidence at the hearing was uncontradicted that Appellant signed
a contract with his counselor on August 24, 2006, agreeing to complete his
counseling within three years.

          Next,
although there is evidence in the record that Appellant was incarcerated, and
therefore unable to participate in therapy sessions for eight months during the
thirty-six months he had to complete his thirty treatment goals, the evidence
also shows that he could have completed the goals had he applied himself.  As
soon as Appellant was released from his first period of incarceration, he was
instructed to schedule a group session but delayed in doing so for
approximately one month.  His second incarceration, which was for sixty days,
resulted from him having violated the conditions of his community supervision
by consuming alcohol and hiring a prostitute.  Appellant was told by the trial
court on four occasions during his period of community supervision that he
needed to complete his therapy goals by August 2009.  Appellant’s probation
officer testified that Appellant admitted not taking his treatment seriously,
saying, “I just honestly have not taken my homework as seriously as I should
have.”

          The
evidence also shows that when motivated by an impending deadline, Appellant
could apply himself to his therapy.  He testified that “the last 21 days I went
through practically every single session throughout the week.  I quit working
that 21 days to see if I could get as many goals completed before my deadline.”

          Based
on the evidence in the record, the trial court reasonably could have concluded
that the reason Appellant did not successfully complete his treatment regimen
is because he did not sufficiently apply himself.  The trial court also could
have reasonably concluded that Appellant’s own criminal conduct shortened the
time within which he had to complete his counseling.  He could not and did not
claim to misunderstand the requirement and the time limitations.  The trial
court did not abuse its discretion by denying Appellant additional time to
complete his counseling and by finding the alleged violation to be true.  We
overrule Appellant’s second point.[3]

Attorney’s
Fees and Reparations

          In
his third point, Appellant contends that the trial court erred by ordering that
he pay reparations and appointed counsel’s fees absent any evidence that he was
able to do so.

          The
following appears at the bottom of the Judgment Adjudicating Guilt:

Furthermore, the following special findings
or orders apply:

THE COURT RECOMMENDS
THAT APPOINTED COUNSEL FEES ASSESSED UNDER THE TEXAS CODE OF CRIMINAL
PROCEDURE, ANN., ARTICLE 26.05 IN THE AMOUNT OF $1,100.00 BE PAYABLE TO AND
THROUGH THE CRIMINAL DISTRICT CLERK’S OFFICE OF TARRANT COUNTY, TEXAS, AS A
CONDITION OF PAROLE.

 

REPARATIONS IN THE
AMOUNT OF $2,387.00

 

          The
State concedes that to the extent that the trial court’s assessment of
appointed counsel’s fees constitutes a final order, it was error because there
was no assessment of whether Appellant had the financial resources to pay the fees. 
The State requests that we reform the judgment to delete the recommended
assessment of attorney’s fees.  We grant the State’s request, hold that an
order requiring reimbursement of attorney’s fees is improper, and sustain
Appellant’s third point to that extent.

          To
the extent that Appellant complains of the reparations entry in the amount of
$2,387.00, however, such an entry is required by the code of criminal procedure:
“In all revocations of a suspension of the imposition of a sentence the judge
shall enter the restitution or reparation due and owing on the date of the
revocation.”  Tex. Code Crim. Proc. Ann. art. 42.03, § 2(b) (Vernon Supp. 2010).
We overrule Appellant’s third point as to that entry.

Conclusion

          Having
overruled Appellant’s second point and the portion of his third point
complaining of the entry of reparations in the judgment, having sustained the
portion of his third point complaining of the entry of attorney’s fees in the
judgment, and having determined that we need not address his first point, we
modify the judgment to delete the recommended assessment of attorney’s fees and
affirm the judgment as modified.  See Tex. R. App. P. 43.2(b).

 

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 24, 2011









[1]See Tex. R. App. P. 47.4.





          [2]Appellant’s
sex-offender-treatment counselor, Jorge Medina, testified that in the first
year Appellant fell five goals behind; that in the second he completed nine out
of ten; and that at the end of the third year, he had completed eight out of
ten goals.  Medina testified that two goals were waived and that the three-year
period ended with Appellant still lacking completion of several goals.





[3]Because a trial court’s
revocation of community supervision will be upheld if the trial court properly
sustained any one of the State’s allegations, we need not address Appellant’s
first point.  See Moore, 605 S.W.2d at 926; Sanchez, 603 S.W.2d
at 871.